UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGEL C.,[1]<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security Administration,<br><br>Defendant. | ) | Case No. 3:21-cv-11447-KAR |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO SECTION 206(b) OF THE ACT
(Docket No. 32)

ROBERTSON, U.S.M.J.

Pending before the court is a motion filed by plaintiff Angel C. ("Plaintiff") requesting that the court authorize an attorney's fee award under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), in the amount of $22,394.00 (Dkt. No. 32). For the following reasons, the motion is GRANTED.

## I. Background

On September 3, 2021, Plaintiff, through counsel Bryanna Devonshire ("Devonshire"), filed the present action in which he challenged the denial of his petition for Social Security disability benefits (Dkt. No. 1). Subsequently, Devonshire filed a motion for *pro hac vice* admission of Karl E. Osterhout ("Osterhout") (Dkt. No. 8), which this court granted (Dkt. No. 9). Plaintiff had a contingent fee agreement with The Law Offices of Osterhout Berger Disability

[1] In the interest of privacy, this Memorandum and Order uses only the first name and initial of the last name of the non-governmental party in this case.

Law, LLC ("OBL"), and its attorneys, including Osterhout, in which Plaintiff agreed that if the federal court case was successful, he assigned his rights to any fees payable under the Equal Access to Justice Act ("EAJA") to his attorneys at OBL (Dkt. No. 32-3). Further, Plaintiff agreed that if his federal appeal were to be successful and he was awarded benefits after a new hearing, he would pay a fee of 25% of his past due benefits (Dkt. No. 32-2).

The Commissioner of the Social Security Administration (the "Commissioner") initially filed an answer seeking to have Plaintiff's complaint dismissed and her decision affirmed (Dkt. No. 13). However, after Plaintiff filed a motion and detailed memorandum in support of the request to reverse the decision of the Commissioner (Dkt. Nos. 20-21), the Commissioner filed an assented to motion seeking reversal of her prior decision and remand to the agency (Dkt. No. 25). The court granted the motion (Dkt. No. 27) and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings (Dkt. Nos. 28-29). According to Osterhout, he reasonably spent 37.3 hours working on Plaintiff's federal case (Dkt. No. 32-2). The parties filed a stipulation as to attorney's fees pursuant to the EAJA in the amount of $6,500.00 (Dkt. No. 30), and the court granted the fee petition (Dkt. No. 31).

Plaintiff prevailed on remand, and the Social Security Administration Office of Central Operations calculated the benefits and awarded Plaintiff $89,576.00 in total past due benefits (Dkt. No. 32-1). Plaintiff has now filed the motion that is currently pending before the court in which he requests approval of an award of $22,394.00 in attorney's fees under the Social Security Act (Dkt. No. 32).

## II. Legal Standards

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), allows for recovery of "reasonable fees and expenses of attorneys" by the prevailing party in any civil action brought

against any agency or official of the United States, including a successful Social Security benefits claimant. 28 U.S.C. § 2412(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). EAJA fees, which are paid by the Social Security Administration, are calculated by multiplying the number of hours reasonably expended by counsel on the litigation and a reasonable hourly rate, usually capped at $125 per hour. 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A). *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986).

Under 42 U.S.C. § 406(b)(1)(A), the court may award a reasonable fee to the attorney who successfully represents a social security claimant in court. The statute provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under [Title II of the Social Security Act] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). Courts may only award fees for work done before the court and may not grant fees for work done before the SSA. *See* 42 U.S.C. § 406(b)(1)(A); *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) ("[Section] 406(b) empowers courts to award attorney's fees based only on representation before the court."). Unlike the EAJA, § 406(b) does not authorize the prevailing party to recover fees from the losing party. "Section 406(b) is of another genre: it authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 795. The fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id*. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id*. at 797.

Where, as is often the case, attorneys enter into contingency fee agreements with claimants, "§ 406(b) calls for court review of such arrangements as in independent check, to assure that they yield reasonable results." *Id*. at 807. "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. In *Gisbrecht*, the United States Supreme Court held that courts should consider several factors when determining whether a fee award is reasonable: (1) the character of representation; (2) the results achieved; (3) whether the attorney is responsible for a delay and will profit from an accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. at 808. A court may exercise discretion and reduce the attorney's fee to a "reasonable" amount in order to avoid awarding counsel a windfall. *Id*.

**III. Discussion**

Plaintiff is requesting an attorney's fee award of $22,394.00, representing twenty-five percent of his $89,000 past-due benefits. He argues that the twenty-five percent award is in accordance with the fee agreement and does not exceed the limit set in § 406(b)(1)(A). He asserts that this award is reasonable given the character of counsel's representation, the results achieved, and the amount of time spent on the case and because counsel is not responsible for any delay resulting in further accumulation of past-due benefits while the case was pending in court. Plaintiff acknowledges that counsel would be entitled to keep the higher of the 42 U.S.C. § 406(b)(1) and EAJA award, but not both, for the same work. The Commissioner has filed a response indicating that she has no direct stake in the court's decision on this motion, but that to facilitate the proper administration of the attorney's fees provisions contained in Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), she advises that she has no objection to a finding

by the court that the requested fee is reasonable and that she agrees with Plaintiff that his counsel must remit the lesser of the two fee awards to Plaintiff (Dkt. No. 34).

The court agrees that the sum of $22,394.00 is reasonable. Review of the docket reveals that Plaintiff's counsel's representation of Plaintiff was thorough and professional and, no doubt, instrumental in Plaintiff's ultimate receipt of benefits. Nor is there any suggestion that Plaintiff's counsel's conduct was dilatory or otherwise improper. Moreover, Plaintiff's counsel expended 37.3 hours on behalf of Plaintiff, amounting to an effective hourly rate of $600.37. This figure does not represent a windfall to Plaintiff's counsel. *See Enos v. Saul*, Civil Action No. 19-10023-RGS, 2020 WL 6082127, at *3 (D. Mass. Oct. 15, 2020) (reducing a requested fee to result in a de facto hourly rate of $610.99 to avoid a windfall to the plaintiff's attorney). In so finding, the court notes that "[i]n setting a reasonable attorney's fee, the court attempts to find a balance between the usual hourly attorney's fee rate in non-contingent litigation … and counsel['s] … chance of receiving no compensation at all if the claimant does not prevail." *Id.* (quoting 4 Soc. Sec. Law & Prac. § 49.63).

## IV. Conclusion

Based on the foregoing, Plaintiff's motion for fees pursuant to Section 206(b) of the Act (Dkt. No. 32) is GRANTED. The court authorizes payment to Karl E. Osterhout, Esquire, in the amount of $22,934.00 in attorney's fees being withheld from Plaintiff's past-due benefits for court-related services. Upon receipt of this sum, Osterhout shall remit $6,500.00 directly to Plaintiff, representing the sum already paid to counsel on Plaintiff's behalf pursuant to the EAJA.

Date: May 19, 2023

/s/ Katherine A. Robertson

KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE